```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION
```

MICHAEL THAD ABLES,            §
                               §
VS.                            §   CIVIL ACTION NO.4:05-CV-372-Y
                               §
DOUGLAS DRETKE, Director,      §
T.D.C.J., Correctional         §
Institutions Division,         §
     Respondent.               §

<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS</u>
(With special instructions to the clerk of Court)

In this action for relief under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 15, 2005;

3. The motion of Carol Ann Ables to submit and demonstrate "next friend" standing, with affidavit in support filed on November 23, 2005;[1]

4. The motion of Albert De La Garza for "next friend" standing filed on November 23, 2005; and

5. The written objection purportedly filed by Albert De La Garza on behalf of Michael Thad Ables on December 9, 2005, and a substantively identical written objection filed by Carol Ann Ables on December 20, 2005.[2]

The Court, after <u>de novo</u> review, concludes that any objections that could be said to be properly before the Court must be overruled. Further, the petition for writ of habeas corpus should be dismissed without prejudice for want of jurisdiction for the reasons stated in the magistrate judge's findings and conclusions,

---

[1] Carol Ables also sent the magistrate judge a letter dated November 18, 2005. The Court hereby directs the clerk of Court to attach this document as an exhibit to Ables's November 23, 2005 motion.

[2] The objections filed December 20th were filed too late to be considered by the Court. Considering the objections filed December 9, 2005, as being placed in the prison mail on December 6th, the Court deems them timely.

and for the reasons stated herein.

Michael Thad Ables, convicted in the 266th Judicial District Court, Erath County, Texas, of aggravated sexual assault of a child, caused this action under 28 U.S.C. § 2254 to be filed on his behalf by his mother Carol Ann Ables ["Carol"]. The magistrate judge issued findings and conclusions that Carol did not satisfy the requirements to proceed as a next friend for purposes of 28 U.S.C. § 2242, and recommended that this action be dismissed without prejudice. Since that report, both Carol and a non-lawyer inmate named Albert De La Garza have filed separate motions seeking to be appointed to represent the interests of Michael.

The federal habeas statute provides, in pertinent part, that an "[a]pplication for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."[3] But standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another."[4] Rather, a party seeking to represent a prisoner in a habeas proceeding must: (1) explain why the real party in interest cannot prosecute the action in his own behalf; and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest.[5]

Even assuming that Carol has shown dedication to seeking the best interests for Michael, she has not shown that Michael is

---

[3] 28 U.S.C.A. § 2242 (West 1994).

[4] *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

[5] Id. at 163-64.

unable to prosecute this action. She claims in her affidavit that Michael has always sought habeas corpus relief based upon the allegation that he was incompetent to stand trial. But the application for such relief in state court was denied, based in part upon the affidavit of Michael's trial counsel that he was not incompetent, and the trial court's "own recollection and observation of the defendant." *Ex parte Ables,* No.61,521-01 at 189-192, 222. Carol has not brought forward any evidence to show that Michael is presently unable to file his own petition. The letter made an exhibit to Carol's motion is not competent evidence, and even if the Court were to consider it, the substance of Carol's statements therein do not address Michael's present abilities to prepare and file a petition.

The balance of Carol's motion and supporting papers actually seek for Michael the legal assistance of inmate Albert De La Garza. Such request fails for several reasons. De La Garza does not have a significant relationship to Michael. Furthermore, De La Garza has a history of filing frivolous lawsuits in federal court,[6] and allowing the appointment of a fellow inmate as a next friend is not authorized under circuit precedent.[7] Thus, Carol cannot be a next

---

[6]*DeLaGarza v. Stringfellow*, No.1:02-CV-257-JN (W.D.Tex. Feb. 20, 2003); *DeLaGarza v. Stringfellow,* No. 04-50122, (5th Cir. June 22, 2004); *DeLaGarza v. Brinkley,* No.G-02-703 (S.D.Tex. Aug. 31, 2004).

[7]*Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978)

   ([I]ndividuals not licensed to practice law by the state may not use the "next friend" device as an artifice for the unauthorized practice of law. The "next friend" expedient, which on occasion may be essential to the efficacy of the "Great Writ," may not be so abused as to unleash on the courts a quasi-professional group of lay writ writers who would seek to right all wrongs, both real and imagined.)

friend for Michael with De La Garza actually preparing the court papers. As such, the motions will be denied, and the written objections, as they were not prepared and signed by Michael himself, will not be considered by the Court.[8]

Therefore, the November 23, 2005, motion of Carol Ann Ables to demonstrate next friend standing [docket no. 22] is DENIED.

The November 23, 2005, motion of Albert De La Garza for next friend standing [docket no. 24] is DENIED.

The findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

The petition for writ of habeas corpus under 28 U.S.C. § 254 is hereby DISMISSED without prejudice for want of jurisdiction, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[9]

SIGNED January 31, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[8] As noted above, to the extent the objections could alternatively said to be properly filed on behalf of Michael Ables and thus considered, the Court has conducted a de novo review of this case.

[9] As a result of amendments to the habeas corpus statutes, a one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. See 28 U.S.C.A. § 2244(d)(1-4)(West Supp. 2005). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West Supp. 2005).